# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATE OF AMERICA | : CASE NO. 1:09-CR-388-05 |
| v. | : J. RAMBO |
| DYCKMAN MARTINEZ | : |

# **M E M O R A N D U M**

Before the court is Defendant Dyckman Martinez's motion to withdraw his guilty plea. (Doc. 194.) For the reasons that follow, the motion will be denied.

**I.   Background**[1]

**A. Facts**

In September of 2008, the Federal Bureau of Investigation and local York County, Pennsylvania law enforcement, began a drug trafficking investigation. During the investigation, Defendant was identified as an individual engaged in a network which was selling crack-cocaine and powder cocaine.

On September 15, 2009, York County law enforcement received a tip from a reliable confidential informant that they had seen an individual who they believed was wanted for possession of crack cocaine. Law enforcement responded and arrested Defendant. After his arrest, it was discovered he had an outstanding warrant. He was taken to the local York County booking station where he was strip

---

[1] The following facts are taken from the parties' briefs and the transcript of Defendant's plea.

searched. During the search officers found 8.6 grams of crack cocaine hidden in his underwear.

### B. Procedural History

On December 2, 2009, a grand jury handed down a two count indictment against the Defendant and eight other individuals, charging them with possession and distribution of 50 grams or more of cocaine base and cocaine in violation of 21 U.S.C. § 841(a), and conspiracy to do the same in violation of 21 U.S.C. 846.

On February 2, 2010, Defendant was arraigned on the indictment and entered a plea of not guilty. On April 27, 2010, he filed a motion to sever the case from his co-defendants and a motion to suppress. A suppression hearing was set for June 14, 2010. In the meantime however, on June 10, 2010, Defendant appeared before the court and entered a plea of guilty.

On July 8, 2010, Defendant filed the instant motion to withdraw his plea. The Government filed their brief in opposition on July 15, 2010. No reply brief was filed and the motion is now ripe for disposition.

## II.     Discussion

Defendant claims that on the day he entered his plea of guilty he was confused, under duress, and "not thinking clearly." He further argues that there would be no prejudice to the Government to let him withdraw his plea and proceed to trial. The Government responds that Defendant has failed to meet the standard required for a plea withdrawal, and that he has no absolute right to withdraw his plea.

For the reasons that follow, the court agrees with the Government that Defendant has failed to establish that he is entitled to a change of plea.

Under Federal Rule of Criminal Procedure 11(d)(2)(B), "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A defendant does not have an absolute right to withdraw their plea. *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005). Furthermore, the burden on a defendant to show a fair and just reason is substantial and a defendant may not withdraw his plea on a whim or for fear of punishment. *United States v. Carroll*, 179 Fed. App'x 128, 133 (3d Cir. 2006) (citing *United States v. Jones*, 336 F.3d 245 (3d Cir. 2003)). When deciding a motion to withdraw a guilty plea the district court must consider the following factors: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *Jones*, 336 F.3d at 252.

### A. Innocence

Defendant makes a bald assertion that he is innocent, but does not substantiate this assertion with any facts. The Third Circuit has made clear, "bald assertions of innocence, are insufficient to allow a defendant to withdraw [their] guilty plea. Assertions of innocence must be buttressed by facts in the record that support a claimed defense." *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005) (citing *United States v. Brown*, 250 F.3d 811 (3d Cir. 2001) (internal citations omitted). As such, this is insufficient to allow Defendant to withdraw his guilty plea.

### B. Strength of Defendant's Reason for Withdrawal

Defendant claims he was confused, under duress and "not thinking clearly" at the time of his guilty plea. However, this contention is not supported by the record. At the time of his guilty plea the court went through a thorough guilty plea colloquy to ensure that Defendant was making a knowing and voluntary decision to plead guilty.

The Defendant has an 11th grade education, can fully read and write English, and was not under the influence of any drugs or alcohol at the time of the plea. (Tr. of Proceedings Guilty Plea, June 14, 2010, at 3.) He was also not receiving any psychological or psychiatric counseling. (*Id*.) In addition he indicated that he was satisfied with his counsel's representation. (*Id.*) Defendant did request that the court read the information containing the charges again in open court, a request which the court obliged. (*Id.*) After the information was read, Defendant was asked if he wished to waive both his scheduled suppression hearing and a potential trial, he acknowledged that he did. He further indicated that there had been no threats again him or his family and that he had not been promised anything in exchange for his plea. (*Id.* at 4, 5.)

After showing Defendant a copy of his plea agreement the court asked if he had any questions. Defendant replied, "[t]he IRS isn't coming after me, right? There was something in there about the IRS." (*Id.* at 9.) There was than an exchange between the court and the parties and it was explained to Defendant that the paragraph which contained language about cooperating with the IRS had been stricken but that did not prevent the possibility that information regarding Defendant might be sent to the IRS. Defendant indicated that he understood. (*Id.*)

The Assistant United States Attorney went through the facts which they intended to prove had the Defendant gone to trial. At the end of these facts there was some question, not with regard to how much crack cocaine was found on Defendant, but instead on how much would be attributed to him and whether there would be a hearing on the relevant conduct. (*Id.* at 13.) At this time, the charge for cocaine powder was stricken from the indictment and the court asked Defendant again if he had any questions about the charges against him. (*Id.* at 14.) Defendant asked, "I just want to know of we're going to have that hearing on the relevant conduct." (*Id.*) The court indicated that they would, but explained that it would have to wait until after a pre-sentence report was compiled. Defendant indicated that he understood this and that he had no further questions. His plea was then accepted. (*Id.*)

These facts demonstrate that Defendant was not confused and under duress. First, Defendant does not identify what exactly he was confused about, or who was subjecting him to duress. At the time of the plea, he indicated he was not on any drugs or alcohol and had not been made an promises nor had any threats been made against him or his family. A reading of the transcript also shows Defendant was quite active during his colloquy. He indicated he understood everything, and when he did not understand he asked questions. Defendant had the wherewithal to ask about potential IRS implications. In addition, Defendant knew to ensure that he would be receiving a relevant conduct hearing to determine the exact amount of drugs that would be attributable to him. There is nothing that the court can find, and Defendant does not point to anything, which indicates that the Defendant was "not thinking clearly" at the time of the plea. In fact, the questions asked by the

Defendant indicate he was engaged and active during his plea. As such, Defendant has failed to provide justifiable reasoning for the withdrawal of his plea.

### C. Prejudice to Government

Defendant focuses on this factor in his brief arguing that because he wishes to withdraw his plea so soon after it was entered and before sentencing there would be little to no prejudice to the Government.. Although Defendant may be correct, this is not alone sufficient to allow Defendant to withdraw his plea since he has failed to satisfy the other two factors. *See United States v. Jones*, 336 F.3d 245, 255 (3d Cir. 2003) (stating that the Third Circuit has already established that if a Defendant has failed to meet the other factors to support a withdrawal of his guilty plea, the government need not establish prejudice).

### III. Conclusion

For the reasons mentioned above, Defendant has failed to satisfy the factors necessary to support a withdrawal of his guilty plea. As such, the motion will be denied. An appropriate order will issue.

                                                   s/Sylvia H. Rambo
                                                   United States District Judge

Dated: July 27, 2010.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATE OF AMERICA** : | **CASE NO. 1:09-CR-388-05** |
| **v.** : | **J. RAMBO** |
| **DYCKMAN MARTINEZ** : | |

## O R D E R

For the reasons stated in the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Defendant's motion to withdraw his guilty plea is **DENIED**.

                                                           s/Sylvia H. Rambo
                                                        United States District Judge

Dated: July 27, 2010.